IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

COSANDRA L. BLACK,

    Plaintiff,

v.                                                                                                                        No. 14-cv-02162

ELMER D. JOHNSON, DDS,

    Defendant.

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, COSANDRA L. BLACK, by and through her undersigned attorneys of record, Rachael E. Putnam and Austin T. Rainey of Putnam Firm, PLC, and pursuant to Tenn. Code Ann. § 29-26-101 et seq. files this, Complaint for Damages, and in support thereof states as follows:

## PARTIES

1. The Plaintiff, Cosandra L. Black is an adult resident of DeSoto County, Mississippi.

2. Ms. Black was a patient of the Defendant in Shelby County, Tennessee when the incidents giving rise to this action occurred.

3. Defendant Elmer D. Johnson, DDS, is a dentist practicing his profession in the State of Tennessee. Defendant Johnson was practicing dentistry at the time the incident giving rise to this action occurred. Defendant Johnson's current office address is 1440 East Shelby Drive, Suite 2, Memphis, TN 38116.

4. At all times herein mentioned, Defendant Johnson held himself out to the public as having the necessary medical skill, knowledge, and training to provide dental care and

treatment, in accordance with the standard of care expected of similarly situated dentists practicing in this community.

## JURISDICTION & VENUE

5. Plaintiff received dental care at the offices of Defendant Elmer D. Johnson on March 5, 6, 19, and 25, 2013.

6. This Court has diversity jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332. The amount in controversy, without interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

7. Ms. Black provided written notice of a potential health care liability claims to Defendant Johnson in accordance with the requirements of Tenn. Code Ann. § 29-26-121. Specifically, Defendant Johnson was provided written notice of the claim on August 26, 2013, via personal delivery to Defendant Johnson. Dr. Johnson accepted delivery of the notice of health care liability claim and a HIPAA compliant release at his current practice location in accordance with Tenn. Code Ann. § 29-26-121(a)(3)(A). Attached hereto and incorporated herein as if stated verbatim is an "Affidavit of Personal Delivery", with redacted copies of the Notice of Claim, along with the executed HIPAA Compliant Authorization, served upon Defendant Johnson (non-redacted copies of the originals retained by counsel for Plaintiff in accordance with the Local Rules).

8. All of the wrongful acts and/or omissions alleged herein occurred within the jurisdiction of Shelby County, Tennessee. This case has been filed in a timely manner. Specifically all health care liability claims have been filed within one year from the date of discovery of the cause of action in accordance with Tenn. Code Ann. § 29-26-121, and all other non-health care claims have been filed within the applicable statute of limitations period

and/or such period was tolled by the savings statute, discovery rule, equitable estoppel, and/or fraudulent concealment.

9. Plaintiff would show that the Defendant was negligent in his care and treatment of the Plaintiff thereby significantly departing from the recognized standard of acceptable professional practice in the Memphis and Shelby County, Tennessee dental community. The Defendant's negligence was willful, wanton, and constitutes reckless misconduct on the part of the Defendant.

10. The negligence and/or the willful, wanton, reckless misconduct of the Defendant was the proximate cause of the injuries sustained by the Plaintiff and all damages arising therefrom, all of which would not have occurred but for the Defendant's deviation from the acceptable standard of dental care and misconduct.

11. In accordance with Tenn. Code Ann. § 29-26-122, a Certificate of Good Faith is attached hereto and incorporated herein for the health care liability raised herein.

## FACTS

12. On March 5, 2013, Plaintiff visited Defendant complaining that she was experiencing a painful toothache. During that visit, Defendant recommended that he perform a root canal on tooth 14 the following day.

13. On March 6, 2013, Defendant performed a root canal on Plaintiff's tooth 14. In the days following the procedure, Plaintiff experienced significant swelling, causing her to return to Defendant's office on March 19, 2013.

14. During Plaintiff's appointment on March 19, 2013, Defendant re-performed the surgery on tooth 14. Despite this second procedure, Plaintiff began to experience severe pain, and her swelling persisted, as the tooth had abscessed.

15. On March 25, 2013, Plaintiff presented again to the offices of Defendant complaining of swelling and severe pain. However, Defendant only advised that she continue her antibiotic therapy.

16. On or about April 25, 2013, Plaintiff presented to Dr. Joseph C. Adams as a result of her continued pain and swelling. Dr. Adams examined tooth 14 and suspected that the tooth was fractured and referred Plaintiff to an endodontic specialist.

17. On or about May 31, 2013, Plaintiff visited Dr. Julius Case, Jr., who concluded that tooth 14 was in fact fractured. Further, Dr. Case discovered that the fracture was "man-made," and that there was a severe perforation in the mesial canal. Dr. Case informed Plaintiff that the tooth was not repairable, and therefore, it would have to be extracted.

18. On June 11, 2013, following her appointment with Dr. Case and learning of the irreparable harm caused to her, Plaintiff returned to Dr. Adams to have tooth 14 extracted, and this tooth must now be replaced with a fixed dental prosthetic, known as a bridge.

19. Following Plaintiff's extraction of tooth 14, Plaintiff has continued to receive regular treatment from Dr. C. Dean Umfress who has advised Plaintiff that as a result of the damage caused by Defendant, Plaintiff must have repair work completed on tooth 13.

20. Plaintiff has suffered permanent injury as a result of the conduct of the Defendants.

## LIABILITY

**COUNT I - Ordinary, Professional, and Gross Negligence of the Defendant**

21. The Plaintiff re-alleges and incorporate all of the allegations in the Complaint as if fully set forth herein.

22. On March 5, 6, 19, and 25, 2013, Defendant undertook dental care for Plaintiff and as a result of assuming such responsibilities, a duty of care to Plaintiff arose.

23. Defendant breached his duty of care to Ms. Alvarez in perforating Plaintiff's mesial canal, failing to recognize and/or identify that he had fractured/perforated Plaintiff's tooth, failing to inform Plaintiff of the perforation/fracture, and in failing to refer Plaintiff to a specialist to repair the perforation/fracture, all of which individual and/or collectively negligent acts caused permanent damage to Ms. Alvarez.

24. As a direct and proximate result of the Defendant's breach of the duty of care, Plaintiff suffered further serious damage and injury, and Plaintiff experienced needless and prolonged pain and suffering and permanent injury to her person.

25. Plaintiff would state unto the Court that the actions of the Defendants proximately caused and/or proximately contributed to the damages of the Plaintiff and that Defendant is liable for damages sustained by Plaintiff.

26. As a direct and proximate result of the above-described acts of negligence of the Defendant, Plaintiff was caused to suffer and incur the following injuries and damages, including but not limited to the following:

    a. Severe and painful permanent bodily injuries to Plaintiff;

    b. Medical expenses, past, present, and future;

    c. Severe pain and suffering, past, present, and future;

    d. Impaired ability to enjoy the normal pleasures of life;

    e. Permanent disability and disfigurement;

    f. Emotional and psychological distress and pain, past, present, and future.

    g. Loss of wages and benefits, past, present, and future.

## COUNT II - Medical Malpractice of Defendant

27. The Plaintiff re-alleges and incorporate all of the allegations in the Complaint as if fully set forth herein.

28. On March 5, 6, 19, and 25, 2013, Defendant undertook dental care for Plaintiff at Defendant's place of practice and owed a professional duty of care to her as a result thereof.

29. Defendant breached his duty of care owed to the Plaintiff in perforating Plaintiff's mesial canal, failing to recognize and/or identify that he had fractured/perforated Plaintiff's tooth, failing to inform Plaintiff of the perforation/fracture, and in failing to refer Plaintiff to a specialist to repair the perforation/fracture. Defendant deviated from the minimum acceptable standard of professional care in his profession or specialty and the minimum standard of skill and care expected and required of him in the community in which he practices.

30. As a direct and proximate result of the Defendant's breach of the duty of care, Plaintiff suffered further serious and permanent damage and injury to her person as well as needless and prolonged pain and suffering.

31. Defendant's conduct fell below the minimum acceptable standard of skill and care expected and required of them.

32. Plaintiff avers that the acts of negligence by Defendant and/or its agents, employees and representatives constitute a substantial departure from the applicable standard of care acceptable in the dental community of Memphis, Shelby County, Tennessee, in regard to the treatment and care of Plaintiff.

33. Plaintiff would state unto the Court that the actions of the Defendant proximately caused and/or proximately contributed to the injury suffered by the Plaintiff and is therefore liable to her for all damages arising therefrom.

34. As a direct and proximate result of the above-described acts of negligence of Defendant, Plaintiff was caused to suffer and incur the following injuries and damages, including but not limited to the following:

    a. Severe and painful permanent bodily injuries to Plaintiff;

    b. Medical expenses, past, present, and future;

    c. Severe pain and suffering, past, present, and future;

    d. Impaired ability to enjoy the normal pleasures of life;

    e. Permanent disability and disfigurement;

    f. Emotional and psychological distress and pain, past, present, and future;

    g. Loss of wages and benefits, past, present, and future.

## COUNT III - *Res Ipsa Loquitor* Negligence of Defendant

35. The Plaintiff re-alleges and incorporate all of the allegations in the Complaint as if fully set forth herein.

36. As alleged herein, on March 5, 6, 19, and 25, 2013, Defendant undertook dental care for Plaintiff at Defendant's place of practice. Defendants perforated Plaintiff's mesial canal, failed to recognize and/or identify that he had perforated Plaintiff's tooth, failed to inform Plaintiff of the perforation, and failed to refer Plaintiff to a specialist to repair the perforation, causing Plaintiff permanent disability and damages. The conduct and omissions of the Defendant are presumed to be negligent because:

    a. The perforation of Plaintiff's tooth and the permanent injury that occurred as a result thereof would not have occurred but for Defendants' negligence.

    b. All of the above described acts were caused by an agency in the exclusive control of the Defendants and/or the injuries to Plaintiffs are ones which ordinarily do not occur in the absence of negligence.

    c. Plaintiffs' voluntary actions did not lead or contribute in any way to the above described acts.

37. As a direct and proximate result of Defendant's negligent, careless and reckless acts and omissions, Plaintiff suffered permanent damages for which she is entitled to recover compensatory damages from the Defendant in an amount according to the proof.

## INJURIES AND DAMAGES

38. As the direct and proximate result of the ordinary, professional, and gross negligence; medical malpractice and breach of duty to the Plaintiff, deviations from the standard of care by the Defendant; negligence *per se* of the Defendant; and *res ipsa loquitor* negligence the Plaintiff endured significant damages, complications and difficulties, permanent in nature, including, but not limited to: great physical and mental pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and all other damages recognized by the laws of the State of Tennessee.

## PUNITIVE DAMAGES

39. The Plaintiff re-alleges and incorporate all of the allegations in the Complaint as if fully set forth herein.

40. The actions and omissions giving rise to each count herein were intentional, fraudulent, malicious, and/or reckless as defined by *Hodges v. Toof, Inc.*, 833 S.W.2d 896 (Tenn. 1992), giving rise to punitive damages.

41. Defendant intentionally or in a reckless and grossly negligent manner perforated Plaintiff's tooth without identifying such perforation, informing the Plaintiff of the perforation, or referring Plaintiff to a specialist to repair the perforation.

42. Defendants' actions and omissions described herein were fraudulent, intentional, and/or reckless, thereby warranting punitive damages.

## REQUEST FOR TRIAL BY JURY

43. The Plaintiff re-alleges and incorporate all of the allegations in the Complaint as if fully set forth herein.

44. Plaintiff demands a trial by jury on all issues herein set forth.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court grant the following relief:

a. That process issue and be served upon the Defendant and that they be required to answer in a timely manner or have the allegations herein be deemed admitted and a default judgment entered;

b. An award of compensatory damages for Plaintiffs' injuries and damages in a fair and reasonable amount to be determined by the jury, and in an amount no less than Two Hundred Fifty Thousand Dollars ($250,000.00), exclusive of interest and costs;

c. For all general and special damages caused by the alleged conduct of Defendants;

d. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities;

e. That a jury be empanelled to try this cause;

f. That the Plaintiffs reserve the right to amend this pleading based upon the course of discovery in the cause;

g. That the Plaintiffs be awarded all pre-judgment interest and post-judgment interest on all verdicts or recoveries and discretionary/non-discretionary costs;

h. An award of all discretionary costs, court costs, and to the extent allowable under applicable law, attorney's fees; and

i. Such other and further relief, both general and specific, as shall be deemed reasonable and necessary and is entitled by Tennessee law.

Respectfully submitted,

PUTNAM FIRM, PLC

/s/ Rachael E. Putnam
Rachael E. Putnam, BPR # 21654
Austin T. Rainey, BPR # 31421
Attorneys for Plaintiff
PUTNAM FIRM, PLC
2148 Monroe Avenue
Memphis, TN 38104
(901) 302-9120
Rachael@putnamfirm.com